**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
**AUSTIN**


GERALD C. MANN
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-4051
Re: Certificate described should not
be considered as liability of
fraternal benefit society affect-
ing its solvency unless and until
a final judgment is rendered on
same.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"Texas Fraternal Society, of Dallas, Texas,
(formerly Texas Legal Reserve Funeral Society)
is a fraternal benefit society, incorporated
and operating, purportedly, under the provisions
of Chapter 8, Title 78, of our Revised Civil
Statutes. It has operated under a Certificate
of Authority from this Department which has now
expired, however, and it is continuing to operate
under the holdover provision of the statutes
until a Renewal Certificate is either issued or
specifically denied.

"Among other reasons, the Renewal Certificate
is being withheld because its records disclose
that at some time in the past there was purported-
ly issued by the Society to one E. J. O'Keeffe a
Certificate whereby the Society purportedly obli-
gated itself to pay to O'Keeffe the sum of $4,167
on a future date, the Certificate being, as we
are informed, filled into the form of certificate
of which we are furnishing you a copy herewith.

"If this obligation is to be charged as a
liability of the Society, in examining and audit-

ing its affairs for the purpose of determining whether or not it is solvent, then our determination would have to be that it is insolvent; but such determination would not be required if the Certificate is not properly a liability of the Society in the circumstances herein outlined.

"The attorney representing the Society, in order to obviate such objection, has submitted to us affidavit of J. M. Hopkins, the new President of the Society, to the effect that the Society 'is not indebted to E. J. O'Keeffe, former President of such Society . . . for back salaries or on any other account.' He has submitted to us also an indemnity agreement signed and acknowledged jointly in statutory form by J. M. Hopkins and his wife (who, he states to us, are amply solvent and able financially to back up the agreement) to indemnify and save the Society harmless from loss by reason of such Certificate.

"The attorney also states to us verbally the following facts which, for the purpose of this opinion, you may assume to be true.

"That the Certificate is in the form hereto attached.

"That such Certificate was issued by Mr. E. J. O'Keeffe to himself, purporting to act as President and while he was actually President of the Society, but, contrary to the recital on its face, without any resolution of the Board of Directors or other proper authorization to him so to do having been granted in accordance with the provisions of the charter and by-laws of the Society.

"That, contrary to the recital in the Certificate, O'Keeffe never advanced any cash or its equivalent to the Society and that the Society was not indebted to O'Keeffe in any sum or on any account when such Certificate was issued.

"The attorney urges upon us his views that the Certificate should not be set up as a liability of the Society for purposes of determining its solvency, vel non, for the following reasons.

"That it was issued without consideration.

"That it was issued without authority of the governing body being given and evidenced in accordance with the charter and by-laws.

"That, even taking the Certificate at face value, and taking all of its recitals (which, he says, are contrary to fact) as being true, yet the Certificate on its face purportedly may become payable only out of the 'surplus funds of that Society as same are created for the payment of premiums due by the Society on risks reinsured by it, and after the establishment and maintenance of all legal reserves on policies of insurance issued by and through it, and the payment of its costs of operations'; and that, therefore, it cannot in any event become an obligation or fixed liability of the Society or become due and payable unless and until the Society becomes amply solvent and remains solvent with all operating expenses, reinsurance premiums, and legal reserves necessary for it to meet its policy obligations, etc., are fully provided for and until, over and above all of such items, it shall have accumulated a sufficient surplus out of which to pay the face value of the Certificate.

"As yet no suit has been brought, or demand for payment made, upon the Certificate; but Mr. O'Keeffe still holds it and presumably treats it as a binding obligation and intends to demand payment and probably sue later on.

"Assuming the above facts to be established, please give us your opinion as to whether by the provisions of Title 78, Chapter 8 aforesaid and other applicable laws, and in the above circumstances, this item is to be treated by this Board as a liability of the Society for the purpose of determining its solveney."

It is apparent from your letter that the fraternal benefit society vigorously contests the validity of the above described certificate and has strong defenses thereto. We have serious doubts as to the authority of the society to issue such certificate and seriously doubt that a judgment could be recovered against the society under the facts stated but it is not necessary in this opinion to pass on those questions and we do not pass on same.

It is our opinion, under the facts stated, that unless and until a final judgment of a court of competent jurisdiction is rendered on said certificate, you should not consider said certificate as a liability of the society affecting its solveney.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 15, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Wm. J. Fanning
Assistant

WJF:OO


APPROVED
OPINION
COMMITTEE
BY CHAIRMAN